STACY BATTS, JAYQUAN BATTS, AND SHAYQUAN BATTS, BY AND THROUGH THEIR GUARDIAN AD LITEM, WILLIAM LEWIS KING, PLAINTIFFS v. SHAWAN L. BATTS, DEFENDANT, THIRD-PARTY PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, THIRD-PARTY DEFENDANT

No. COA02-1647

(Filed 7 October 2003)

**1. Appeal and Error— appealability—denial of motion to dismiss—sovereign immunity**

The denial of a motion to dismiss that asserted sovereign immunity was immediately appealable.

**2. State— negligence action—State as third party defendant—direct action not barred**

Plaintiff was not barred by sovereign immunity or the Tort Claims Act from directly asserting a claim against third-party defendant DOT for negligently maintaining a city street. The Tort Claims Act constitutes a waiver of sovereign immunity, the provisions of the Act were modified by Rule 14(c) of the North Carolina Rules of Civil Procedure to allow the State to be made a third party, and Rule 14(a) allows a plaintiff to assert claims directly against a third-party defendant if those claims arose

from the same transaction as plaintiff's claim against the original defendant.

### 3. State— third-party defendant—direct claim against State

There is no conflict between statutes requiring resolution of specific versus general language in the provisions of the Tort Claims Act and the provisions of N.C.G.S. § 1A-1, Rule 14, which concern a direct negligence claim against the State after it has been added as a third party. The issue is legislative intent, which clearly was to allow plaintiffs to assert claims directly against the State when the State had been added to the lawsuit by a third-party complaint.

Appeal by the State from order entered 16 August 2002 by Judge Frank R. Brown in Wilson County Superior Court. Heard in the Court of Appeals 8 September 2003.

*Taylor Law Office, by W. Earl Taylor, Jr. for plaintiff-appellees.*

*Walter, Clark, Allen, Herrin & Morano, by Jerry A. Allen, Jr. for defendant/third-party plaintiff.*

*Roy Cooper, Attorney General, by Amar Majmundar, Special Deputy Attorney General, for the State.*

STEELMAN, Judge.

The issue before this Court, one of first impression, is whether a plaintiff may assert a claim against the State as a third-party defendant in our trial courts. Based on the facts presented in this case, we answer in the affirmative.

This appeal arises out of a motor vehicle collision that took place on 13 May 2001 in Elm City, North Carolina. The accident involved a stop sign that was allegedly obstructed from the view of motorists by tree limbs. Plaintiffs filed a complaint in the Superior Court of Wilson County seeking monetary damages for injuries caused by the negligence of defendant Shawan L. Batts, the driver of the car in which plaintiffs were passengers, and the Town of Elm City. Defendant Batts filed a cross-claim for indemnity and contribution against the Town of Elm City and also a third-party complaint against North Carolina Department of Transportation ("NCDOT"), seeking indemnity and contribution. The third-party complaint alleged that NCDOT was negligent in maintaining a public street and failing to remove tree limbs that obstructed motorists' view of the stop sign. Plaintiffs

subsequently obtained leave of court to amend their complaint to add NCDOT as a party defendant and dismissed their claims against the Town of Elm City. Plaintiffs' allegations against NCDOT in their amended complaint are identical to those of defendant Batts in her third-party complaint. NCDOT filed a motion to dismiss plaintiffs' claim, asserting sovereign immunity as an affirmative defense. The trial court denied this motion. NCDOT appeals.

[1] Initially, we note that this appeal is properly before the Court in accordance with N.C. Gen. Stat. § 1-277(b), which allows any interested party an "immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant." N.C. Gen. Stat. § 1-277(b) (2001). Moreover, "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999).

[2] In its first assignment of error, NCDOT argues that plaintiff is barred by sovereign immunity and by the Tort Claims Act (N.C. Gen. Stat. § 143-91) from directly asserting a claim against it. We disagree.

As a general rule, the State enjoys sovereign immunity, which protects it from liability for negligent conduct on the part of its agents or employees. *Gammons v. North Carolina Dep't of Human Resources*, 344 N.C. 51, 472 S.E.2d 722 (1996). However, this immunity can be abrogated by an express waiver of the General Assembly. *See Midgett v. N.C. DOT*, 152 N.C. App. 666, 568 S.E.2d 643, *cert. denied*, 356 N.C. 438, 572 S.E.2d 786 (2002). The Tort Claims Act constitutes such a waiver, allowing claims against the State up to the limits set forth in sections 143-291(a1), 143-299.2 and 143-299.4. It also confers exclusive jurisdiction over tort claims against the State upon the North Carolina Industrial Commission. N.C. Gen. Stat. 143-291(a) (2003). *See also Guthrie v. North Carolina State Ports Authority*, 307 N.C. 522, 539-40, 299 S.E.2d 618, 628 (1983); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 332, 293 S.E.2d 182, 187 (1982). Statutes waiving sovereign immunity must be strictly construed. *Selective Ins. Co. v. NCNB Nat'l Bank*, 324 N.C. 560, 563, 380 S.E.2d 521, 523 (1989).

The provisions of the Tort Claims Act were modified and superceded by the provisions of Rule 14(c) of the North Carolina Rules of Civil Procedure. Rule 14 provides:

(c) Rule applicable to State of North Carolina.—Notwithstanding the provisions of the Tort Claims Act, the State of North Carolina

may be made a third party under subsection (a) or a third-party defendant under subsection (b) in any tort action. In such cases, the same rules governing liability and the limits of liability of the State and its agencies shall apply as is provided for in the Tort Claims Act.

N.C. Gen. Stat. § 1A-1, Rule 14(c) (2003). Subsection (c) was not originally a part of Rule 14. It was added in 1975 by a session law titled "An Act to Permit the State to be Interpled in Tort Actions." 1975 N.C. Sess. Laws, ch. 587, § 1. Presently and at the time of the 1975 amendment, Rule 14 contained subsection (a), which states in pertinent part:

The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and crossclaims as provided in Rule 13.

N.C. Gen. Stat. § 1A-1, Rule 14(a) (2003).

Under the clear language of Rule 14(a), once a third-party defendant is added to a lawsuit, a plaintiff may assert claims directly against the third-party defendant, subject only to the limitation that the claim arose out of the same transaction or occurrence as the plaintiff's original claim against the original defendant.

The Tort Claims Act waives sovereign immunity. By the addition of Rule 14(c), the General Assembly created an exception to the general rule that claims against the State under the Tort Claims Act must be pursued before the Industrial Commission as to third-party claims. The 1975 amendment to Rule 14 does not place any limitations on the application of Rule 14(a) to claims against the State. Rule 14 must be construed as a whole and not in separate parts. By adding subsection (c) to Rule 14, the General Assembly waived the State's immunity to claims brought by a plaintiff under Rule 14(a), subject to the express limitations contained therein. "It is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658-59, 174 S.E.2d 793, 804-05 (1970). Since the claims asserted by plaintiff against NCDOT are identical to those asserted by defendant Batts against NCDOT, and since these claims arise out of the same transaction and occurrence that is the subject matter of plaintiff's original claim,

**BATTS v. BATTS**

[160 N.C. App. 554 (2003)]

plaintiff is permitted to assert its claims against NCDOT under the provisions of Rule 14.

Allowing plaintiff to assert claims directly against NCDOT is also consistent with the general purposes of Rule 14. In *Heath v. Board of Comm'rs*, 292 N.C. 369, 376, 233 S.E.2d 889, 893 (1977), *cert. denied*, 297 N.C. 453, 256 S.E.2d 807 (1979) (citations omitted), our Supreme Court stated that:

> The purpose of Rule 14 is to promote judicial efficiency and the convenience of parties by eliminating circuity of action. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action. Doing so eliminates duplication in the presentation of evidence and increases the likelihood that consistent results will be reached when multiple claims turn upon identical or similar proof. Additionally, the third-party practice procedure is advantageous in that a potentially damaging time lag between a judgment against defendant in one action and a judgment in his favor against the party ultimately liable in a subsequent action will be avoided. In short, Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically.

In *Selective Ins. Co. v. NCNB Nat'l Bank*, 324 N.C. 560, 380 S.E.2d 521 (1989), our Supreme Court allowed the assertion of a crossclaim under Rule 13(g) against the State in an action to which it was already a party. The court noted that the provisions for assertion of a crossclaim under Rule 13 and a third-party complaint were comparable. The court stated that "[a]llowing claims against the State for contribution and indemnification to be asserted as crossclaims accomplishes the legislative purpose behind Rule 13(g) and avoids absurd or bizarre consequences, by preventing the necessity of a second action before the Industrial Commission to settle claims between the coparties." *Id.* at 566, 380 S.E.2d at 525.

NCDOT would have this Court hold that while it is permissible for Batts, a defendant and third-party plaintiff, to assert claims against it under Rule 14(c), plaintiffs must assert identical claims in a different forum (the Industrial Commission). This position is contrary to the express provisions of Rule 14 and the rulings of our Supreme Court in *Heath* and *Selective*. This assignment of error is without merit.

[3] In its second assignment of error, NCDOT argues that the specific provisions of the Tort Claims Act control over the general terms of Rule 14 and cannot be construed as a waiver of sovereign immunity. We disagree.

As noted above, Rule 14(c) creates an exception to the general rule that claims against the State must be litigated before the Industrial Commission pursuant to the Tort Claims Act.

A specific statute will only control over a general statute when there is a conflict between those statutes. *See Meyer v. Walls*, 122 N.C. App. 507, 513, 471 S.E.2d 422, 427 (1996), *aff'd in part, rev'd and remanded on other grounds in part*, 347 N.C. 97, 489 S.E.2d 880 (1997). In the instant case, there is no conflict between Rules 14(a) and (c). Accordingly, this is not a general versus specific language issue. The pertinent issue here is the overall legislative intent. The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, "the spirit of the act and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980)). Further, it is a well-known rule of construction that provisions in a statute should be construed together and reconciled with each other whenever possible. *State ex rel. Commissioner of Ins. v. North Carolina Rate Bureau*, 300 N.C. 381, 400, 269 S.E.2d 547, 561 (1980). Therefore, all parts of the same statute dealing with the same subject are to be construed together as a whole, and every part thereof must be given effect if this can be done by any fair and reasonable interpretation. *Duke Power Co. v. Clayton*, 274 N.C. 505, 164 S.E.2d 289 (1968).

As discussed above, it was the clear intent of the General Assembly to allow plaintiffs to assert claims directly against the State when the State had been previously added to the lawsuit by a third-party complaint. This assignment of error is without merit.

AFFIRMED.

Chief Judge EAGLES and Judge McCULLOUGH concur.