IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-523

Filed 17 December 2024

McDowell County, No. 23 CVS 238

CEDARBROOK RESIDENTIAL CENTER, INC. and FRED LEONARD, Plaintiffs,

v.

NORTH CAROLINA DEPARTMENT OF HEATH & HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, ADULT CARE LICENSURE SECTION, Defendant.

Appeal by Plaintiffs from an order entered on 4 October 2023 by Judge J. Thomas Davis in McDowell County Superior Court. Heard in the Court of Appeals 29 October 2024 in session at Duke University School of Law in the City of Durham pursuant to N.C. Gen. Stat. § 7A-19(a).

> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Joseph A. Ponzi, Howard L. Williams, and Graham F. Whittington, for plaintiffs-appellants.*

> *Robinson, Bradshaw & Hinson, P.A., by Adam K. Doerr and Demi Lorant Bostian, for defendant-appellee.*

WOOD, Judge.

Plaintiffs appeal from an order granting a Motion to Dismiss Plaintiffs' complaint with prejudice filed by the Department of Health and Human Services ("DHHS"). Plaintiffs contend the trial court erred by finding that a statute of limitations barred their only remedy for the violation of their rights.

## I.    Factual and Procedural Background

CEDARBROOK RESIDENTIAL CTR., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Plaintiffs' complaint alleges the following: Cedarbrook is an adult care home in Nebo, North Carolina that provides a place of residence for disabled adults with mental illness who are stable in their recovery. Cedarbrook has been licensed to serve this population since 2002. DHHS is the state administrative agency that oversees health and human related services in North Carolina. The Division of Health Services Regulation ("DHRS") is the division of DHHS that provides regulatory oversight for healthcare and adult care facilities. The Adult Care Licensure Section ("ACLS") within DHRS oversees adult care facilities.

The complaint further alleges: ACLS conducts annual inspections of the Cedarbrook facility. In addition, the McDowell County Department of Social Services ("DSS") oversees Cedarbrook and makes site visits multiple times per month. From its founding in 2002 through 2015 Cedarbrook consistently received excellent scores from both agencies and had strong working relationships with each agency. Prior to November 2015, Cedarbrook had never been cited for regulatory violations by either agency.

On 6 November 2015, the United States Department of Justice ("USDOJ") issued an enforcement letter to the State of North Carolina. North Carolina previously had been cited for failure to provide mentally ill adults with independent housing options, and the USDOJ demanded the State take corrective action. Three days after the USDOJ issued its enforcement letter, the ACLS began its annual inspection of Cedarbrook.

CEDARBROOK RESIDENTIAL CTR., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Plaintiffs' allege the 2015 inspection differed dramatically from the prior thirteen evaluations. For instance, practices that had been in place for years at Cedarbrook and were previously praised by ACLS were assessed as severe violations. Additionally, ACLS alleged violations that had no basis in the governing administrative rules or statutes.

On 19 November 2015, ACLS issued a summary Suspension of Admissions against Cedarbrook preventing Cedarbrook from admitting new residents. On 17 December 2015, ACLS issued a Notice of Intent to Revoke Cedarbrook's license to operate but withdrew it on 16 May 2016. Notwithstanding ACLS' withdrawal of the Notice of Intent, Plaintiffs allege the Suspension of Admission caused a fifty percent (50%) reduction in the number of residents at Cedarbrook in six months.

Plaintiffs filed *Cedarbrook I* in 2016 with the Office of Administrative Hearings ("OAH"). The OAH issued a stay on 6 July 2016, enjoining the suspension of admission against Cedarbrook. ACLS took more than a month to lift the suspension, waiting until 12 August 2016 to do so. While the suspension was enjoined, ACLS issued penalties in excess of $340,000.00 to Cedarbrook. On the morning of trial at the OAH, ACLS agreed to withdraw all agency actions taken against Cedarbrook and reissue their Four-Star rating. However, Plaintiffs' assert the suspension had caused the sale of Cedarbrook to fall through and the appraised value to decrease to the point that Cedarbrook could no longer be sold at the previously secured purchase price. ACLS' actions allegedly cost the facility over $500,000.00 in lost revenue, increased

CEDARBROOK RESIDENTIAL CTR., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

operating expenses and added attorney's fees, as well as costing $790,000.00 in proceeds from the lost sale.

On 25 October 2018 Plaintiffs filed *Cedarbrook II* with the Industrial Commission claiming DHHS engaged in negligent regulation under the State Tort Claims Act, N.C. Gen. Stat. § 143-291 *et seq.* ("STCA"). DHHS moved to dismiss the claim on the basis of sovereign immunity. On 13 March 2019, a Deputy Commissioner denied the motion and on 6 November 2020 the Industrial Commission affirmed the Commissioner's denial of the Motion to Dismiss allowing the suit to continue.

On 4 December 2020, DHHS filed notice of appeal to this Court. In an opinion issued on 21 December 2021, this Court affirmed the decision of the Full Industrial Commission. *Cedarbrook Residential Ctr, Inc. v. N.C. Dep't of Health and Hum. Servs.*, 281 N.C. App. 9, 868 S.E.2d 623 (2021). Based on the dissent in the opinion, DHHS appealed to the Supreme Court of North Carolina. On 16 December 2022, the Supreme Court reversed this Court finding that sovereign immunity applied and holding that "the theory that the agency regulated the entity in question in a negligent manner" is "not generally the type of decisions for which the State is liable to private citizens in tort." *Cedarbrook Residential Ctr, Inc. v. N.C Dep't of Health and Hum. Servs.*, 383 N.C. 31, 47, 50, 881 S.E.2d 558, 571, 573 (2022). The Supreme Court further stated that under the State Tort Claims Act, the State is only liable for negligence in instances where a "private person would be liable under the laws of

CEDARBROOK RESIDENTIAL CTR., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

North Carolina" and private persons do not exercise regulatory power and cannot be held liable for negligent regulation so neither can the State. *Id.* at 50, 881 S.E.2d at 573. On 1 January 2023 Plaintiffs petitioned the Supreme Court to rehear the case, but on 13 February 2023 the Supreme Court denied the petition.

Because the Supreme Court's decision removed the STCA as a remedy to negligent regulatory actions, Plaintiffs turned to assert constitutional claims that had been previously unavailable under the confines of North Carolina's STCA. On 30 March 2023, Plaintiffs filed the present complaint in McDowell County Superior Court.

On 15 June 2023, DHHS moved to dismiss the complaint arguing that the claims asserted are barred by the statute of limitations, the prohibition on claim splitting, and *res judicata.* The matter came on for hearing before Judge J. Thomas Davis on 25 September 2023. On 4 October 2023 the trial court granted DHHS' motion and entered the Dismissal Order. Plaintiffs timely appealed.

## II.    Analysis

Plaintiffs assert the trial court erred by granting DHHS' Rule 12(b)(6) Motion to Dismiss. We review *de novo* an order granting a Rule 12(b)(6) motion to dismiss. *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013). "In other words, under de novo review, the appellate court as the reviewing court considers the Rule 12(b)(6) motion to dismiss anew: It freely substitutes its own assessment of whether the allegations of the complaint are sufficient to state a claim for the trial court's

CEDARBROOK RESIDENTIAL CTR., INC. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

assessment." *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022). The court must address "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Id*. at 679, 878 S.E.2d at 800 (citing *Bridges* at 541, 742 S.E.2d at 796).

Plaintiffs bring forth three separate claims under the North Carolina Constitution: (1) DHHS violated the Plaintiffs' right to the fruits of their own labor, (2) DHHS interfered with their business which was a regulatory taking under law of the land, and (3) DHHS deprived Plaintiffs of their due process rights.

Defendant's Rule 12(b)(6) motion to dismiss alleged the claims should be dismissed because the claims violate the statute of limitations and are barred by claim splitting or res judicata.

In its ruling, the trial court stated:

> Great arguments, fascinating issue, but it's unfortunately going to be left to three guys in Raleigh to finalize this thing or settle it. I'm going to allow your motion to dismiss based on the statute of limitations on a constitutional claim. . . . [I]t started to run and it's run and I think the case law is not that it had to do with the Industrial Commission case. It's just stating what the law is. It's not any kind of modification or change that would have affected their equitable or legal rights in regard to the statute – or obligations in regard to the statute of limitations.

**A. Statute of Limitations**

Plaintiffs and Defendant agree that the statute of limitations for both

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

constitutional and negligence claims is three years. N.C. Gen. Stat. § 1-52 (2023); *McFadyen v. New Hanover Cnty.*, 273 N.C. App. 124, 131, 848 S.E.2d 217, 222 (2020). However, Plaintiffs contend that the statute of limitations did not accrue until the Supreme Court issued its decision in *Cedarbrook II.* We agree.

Chapter 1 of the North Carolina Statutes which sets the statute of limitations in N.C. Gen. Stat. § 1-52 clearly states "[c]ivil actions can only be commenced within the periods prescribed in this Chapter, *after the cause of action has accrued.*" N.C. Gen. Stat. §1-15(a) (2023) (emphasis added). Therefore, the statute of limitations begins to run when the cause of action accrues.

> In no event can a statute of limitations begin to run until plaintiff is entitled to institute action. The cause of action does not accrue until the injured party is at liberty to sue. The statute of limitations begins to run only when a party becomes liable to an action.

*Raftery v. Wm. C. Vick Const. Co.*, 291 N.C. 180, 183, 230 S.E.2d 405, 407 (1976).

Here, Plaintiffs were not entitled to institute an action for constitutional claims until the North Carolina Supreme Court determined in *Cedarbrook II* that the State Tort Claims Act ("STCA") was not an adequate – and therefore the exclusive – remedy for the negligent regulatory actions of the DHHS. *Cedarbrook Residential Ctr., Inc. v. N.C. Dep't. Health and Hum. Servs.,* 383 N.C. 31, 881 S.E.2d 558 (2022).

North Carolina law is clear that a litigant who has a remedy under state law cannot bring a constitutional or *"Corum"* claim to redress the same injury and seek the same remedy. *Washington v. Cline,* 385 N.C. 824, 826, 898 S.E.2 667, 669 (2024);

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

*Corum v. Univ. of N.C.,* 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992). Under state law, the purpose of the STCA was to "give greater access to the courts to plaintiffs in cases in which they [are] injured by the State's negligence." *Ray v. N.C. Dep't of Transp.*, 366 N.C. 1, 11, 727 S.E.2d 675, 683 (2012). Specifically, the North Carolina Industrial Commission was charged with "hearing and passing upon [such] tort claims against ... agencies of the State." N.C. Gen. Stat. § 143-291(a) (2023).

Prior to *Cedarbrook II* multiple cases from both the Supreme Court and Court of Appeals recognized that claims to recover for state agencies' negligent acts were within the scope of the STCA. *See Multiple Claimants v. N.C. Dep't. of Health and Hum. Servs.*, 361 N.C. 372, 646 S.E.2d 356 (2007) (allowing STCA claims for negligence in inspecting jails), *Ray v. N.C. Dep't. of Transp.*, 366 N.C. 1, 727 S.E.2d 675 (2012) (negligent narrowing of a roadway as an STCA claim), *Russell v. N.C. Dep't. of Env't and Nat. Res.*, 227 N.C. App. 306, 742 S.E.2d 329 (2013) (STCA claims for negligence, negligent misrepresentation and gross negligence), *Patrick v. N.C. Dep't. of Health and Hum. Servs.,* 192 N.C. App. 713, 666 S.E.2d 171 (2008) (STCA claim against DHHS for negligence in investigating reports of abuse), *Batts v. N.C. Dep't. of Transp.*, 160 N.C. App. 554, 586 S.E.2d 550 (2003) (allowing automobile passengers to assert negligence claim against NCDOT). Most significantly, in *Nanny's Korner* when addressing a plaintiff's constitutional claim against DHHS, this Court concluded that the constitutional claim failed because the plaintiff "had an adequate state remedy in the form of the Industrial Commission through the Torts

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Claim Act." *Nanny's Korner Day Care Ctr., v. N.C. Dep't. of Health and Hum. Servs.,* 264 N.C. App. 71, 80, 825 S.E.2d 34, 41 (2019)(rev.).

Defendant argues that Plaintiffs cannot rely on *Nanny's Korner* as an example of the existing state law at the time because it was not issued until after *Cedarbrook II* was filed; however, the decision was based on the Court's understanding of North Carolina statute at that time which established that STCA claims bar constitutional claims on the same issue. *See N.C. Gen. Stat. § 143.291(a)(2017).* Notwithstanding their current argument, DHHS argued in *Nanny's Korner* that the constitutional claims in that case must be dismissed because the STCA provided a "sole and adequate remedy" for negligence claims against a state agency. *Nanny's Korner Day Care Ctr., v. N.C. Dep't of Health and Hum. Servs.,* 264 N.C. App. 71, 80, 825 S.E.2d 34, 41 (2019) (rev.) (appellate brief, 2018 WL 4869951) (citing N.C. Gen. Stat. § 143.291(a)(2015)*, Taylor v. Wake Cnty.,* 258 N.C. App. 178, 186, 811 S.E.2d 648, 654 (2018*), Estate of Fennell v. Stephenson,* 137 N.C. App. 430, 437, 528 S.E.2d, 911, 915 (2000)).

Although the Supreme Court's decision in *Cedarbrook II* does not purport to overrule the previous law, they do state "we do not fault the Court of Appeals for relying upon *Nanny's Korner* as binding precedent," and the Court specifies that they "overrule [*Nanny's Korner*] to the extent it conflicts with this opinion." *Cedarbrook Residential Ctr., Inc. v. N.C. Dep't. of Health and Hum. Servs.,* 383 N.C. 31, 57, 881 S.E.2d 558, 577 (2022).

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Not until our Supreme Court's decision in *Cedarbrook II* differentiated between the general negligence claims that are permissible under the STCA and "negligent regulation" claims which the Court viewed as discretionary decisions for which the State is not liable in tort negligence did Plaintiffs' constitutional claims accrue. *Cedarbrook Residential Center, Inc. v. N.C. Dep't of Health and Hum. Servs.*, 383 N.C. 31, 50, 881 S.E.2d 558, 573 (2022). Once the Supreme Court removed the opportunity for the Plaintiffs to have their claims heard under the STCA, Plaintiffs were free to bring a constitutional "*Corum*" claim. If the "cause of action does not accrue until the injured party is at liberty to sue," then the cause of action here did not accrue until 16 December 2022, the date *Cedarbrook II* was decided. *Raftery v. Wm. C. Vick Const. Co.*, 291 N.C. 180, 183, 230 S.E.2d 405, 407 (1976).

As discussed supra, our Supreme Court denied Plaintiffs' petition for a rehearing of *Cedarbrook II* on 13 February 2023. The Plaintiffs followed with their *Corum* claims on 30 March 2023 only six weeks after the final denial and less than four months after the decision. Indisputably, Plaintiffs wasted no time in filing their complaint once the cause of action accrued.

**B. Res Judicata and Claim Splitting**

> Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies. Further, [t]he doctrine prevents the relitigation of all matters . . . that were or

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

should have been adjudicated in the prior action.

*Intersal, Inc. v. Hamilton*, 373 N.C. 89, 107, 834 S.E.2d 404, 417 (2019) (internal citations and quotations omitted). Although Defendant claimed in their original Motion to Dismiss in Superior Court that "Cedarbrook's new complaint alleges precisely the same facts and seeks the same damages they sought in 2018," in both their written brief and oral argument before this Court, Defendant stated they were not raising *res judicata* and further noted to this Court that the court below did not rely on that theory for its decision.

Defendant did assert the issue of the prohibition on claim splitting to the court below and to this Court. Claim splitting is a common law rule which prohibits plaintiffs from splitting claims based on "the principle that all damages incurred as the result of a single wrong must be recovered in one lawsuit." *Reese v. Brooklyn Village, LLC,* 209 N.C. App. 636, 648, 707 S.E.2d 249, 257 (2011).

Neither the claim of *res judicata* nor claim splitting holds merit because Plaintiffs' claims could not have been brought together. When the exclusive jurisdiction of a forum precludes a claim from being brought the plaintiff cannot be barred from bringing it elsewhere based on *res judicata* or claim splitting concerns. *State ex rel. Pilard v. Berninger*, 154 N.C. App. 45, 54-55, 571 S.E.2d 836, 842-43 (2002).

In the case sub judice, the Industrial Commission was the only competent jurisdiction in which Plaintiffs could bring the STCA claim. However, Plaintiffs were

CEDARBROOK RESIDENTIAL CTR., INC. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

*simultaneously barred* from bringing direct constitutional claims to the Industrial Commission under N.C. Gen. Stat. § 7A-245(a)(4) because it does not have jurisdiction to hear such claims. "[T]he superior court division has original subject matter jurisdiction over constitutional claims[.]" *Gilbert v. N.C. State Bar*, 363 N.C. 70, 86, 678 S.E.2d 602, 612 (2009).

Since the two claims – one tort, the other constitutional – could not have been brought in the same jurisdiction, Defendant's assertion that Plaintiffs' claims were identical or a single wrong to be brought at one time necessarily fails.

## III. Conclusion

Because Plaintiffs were not entitled to institute an action for constitutional claims until the North Carolina Supreme Court's decision determined in *Cedarbrook II* the State Tort Claims Act was not an adequate – and therefore exclusive – remedy for the negligent regulatory actions of the DHHS, the cause of action did not accrue until the Court's ruling. Therefore, Plaintiffs were within the statute of limitations when they filed claims mere months after the *Cedarbrook II* decision.

Additionally, Plaintiffs are not barred from bringing the claim based on *res judicata* or claim splitting since the exclusive jurisdiction of the forum precluded both claims from being brought together.

REVERSED AND REMANDED.

Judges COLLINS and HAMPSON concur.