TANYA M. TISE, EXECUTRIX OF THE ESTATE OF AARON G. TISE, JR. v. YATES CONSTRUCTION COMPANY, INC.

No. 300PA96

(Filed 10 February 1997)

**Sheriffs, Police, and Other Law Enforcement Officers § 22 (NCI4th)— death of police officer—negligence by city— intervening criminal act**

The trial court did not err by granting the City's 12(b)(6) motion to dismiss where plaintiff's decedent died when a road grader was driven over his police car; plaintiff alleged negligence by the grader owner; the grader owner asserted negligence by the City in that officers had earlier gone to the site but had been unable to locate any suspects or information about who should be contacted about the equipment; the City moved to dismiss based on the public duty doctrine; and that motion was granted by the trial court and the Court of Appeals affirmed. Assuming that the City owed and breached a duty of care, the third party criminal acts broke the chain of causation.

**Am Jur 2d, Sheriffs, Police and Constables §§ 90-180.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 122 N.C. App. 582, 471 S.E.2d 102 (1996), affirming an order entered 15 March 1995 by Bridges, J., in Superior Court, Forsyth County. Heard in the Supreme Court 13 December 1996.

**TISE v. YATES CONSTRUCTION CO.**

[345 N.C. 456 (1997)]

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Gusti W. Frankel; and Linda S. Abramovitz, Assistant City Attorney, for appellee City of Winston-Salem.*

*Bennett & Blancato, LLP, by Richard V. Bennett and William A. Blancato, for defendant-appellant.*

FRYE, Justice.

This case arose out of an accident involving two Winston-Salem police officers that resulted in the death of one police officer and the serious injury of the other. The following facts and circumstances are pertinent to this appeal. In June 1992, Aaron G. Tise, Jr. (Tise) was employed as a police officer with the Winston-Salem Police Department. The instant action was brought to recover damages for Tise's wrongful death, which plaintiff, as executrix of Tise's estate, alleged was proximately caused by the negligence of defendant, Yates Construction Company, Inc. (Yates).

In her complaint filed 24 June 1994, plaintiff alleged the following facts: At the time of his death on 26 June 1992, Tise was employed as a lieutenant with the Winston-Salem Police Department. Yates was engaged in a construction project in the vicinity of New Walkertown Road in Winston-Salem, North Carolina, and had several pieces of heavy grading equipment on the site. In the early morning hours of 26 June 1992, Winston-Salem police responded to a call that unknown persons were tampering with the equipment at the construction site. Upon arrival at the site, the officers were unable to locate any suspects and were also unable to locate any information regarding who should be contacted about the security of the equipment. The officers left the scene.

Plaintiff further alleged in her complaint that after the officers left the scene, four individuals went to the construction site and began tampering with the grading equipment. One of the individuals, later identified as Conrad Crews, climbed onto a grader, started it, and drove it onto the roadway and proceeded toward East Drive. The disturbance was reported to the Winston-Salem Police Department, and Lieutenant Tise, along with other officers, responded. As Tise was sitting in his parked patrol car on East Drive, Crews drove the grader onto the patrol car, crushing Tise, who died as a result of his injuries. Plaintiff alleged that Yates was negligent in various respects, including, *inter alia*, that it knew or should have known that there was a substantial risk that its construction equipment would be subject to tampering or attempted operation by unauthorized persons

and that it failed to provide safety devices or other appropriate security to prevent the unauthorized operation of the equipment.

Yates filed its answer on 22 September 1994, denying plaintiff's allegations of negligence. Pursuant to N.C.G.S. § 97-10.2(e), Yates asserted that actionable negligence on the part of the City of Winston-Salem (City) had "joined and concurred with any negligence" on the part of Yates in causing Tise's death, thereby barring subrogation rights of the City for workers' compensation benefits paid to Tise's estate and reducing damages recoverable by plaintiff. Yates also alleged that the City had waived its governmental immunity pursuant to N.C.G.S. § 160A-485.

The City filed a notice of appearance and answer on 26 October 1994, denying any allegations of negligence and asserting North Carolina's public duty doctrine as a bar to Yates' attempt to cut off the City's subrogation rights under N.C.G.S. § 97-10.2(e). On 3 January 1995, the City moved to dismiss Yates' allegations against it, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Yates filed a motion to amend its answer on 28 February 1995 to allege the City's negligence in more detail. Yates' motion to amend its answer and the City's motion to dismiss were called for hearing before Judge Forrest D. Bridges at the 13 March 1995 Civil Session of Superior Court, Forsyth County. In an order entered 15 March 1995, Judge Bridges allowed both motions. Yates appealed to the Court of Appeals from the trial court's order granting the City's motion to dismiss for failure to state a claim upon which relief could be granted. The Court of Appeals, in a unanimous opinion, affirmed. Yates' petition for discretionary review was allowed by this Court on 30 July 1996.

The sole question before this Court is whether the Court of Appeals erred in affirming the trial court's order granting summary judgment in favor of the City on the issue of whether actionable negligence of the City, as Tise's employer, joined and concurred with the negligence of Yates in causing Tise's death.

N.C.G.S. § 97-10.2, the statute defining the rights under the North Carolina Workers' Compensation Act that are not affected by liability of a third party and rights and remedies against third parties, provides in pertinent part:

(e) The amount of compensation and other benefits paid or payable on account of [work-related] injury or death shall be admissible in evidence in any proceeding against the third party.

## TISE v. YATES CONSTRUCTION CO.

[345 N.C. 456 (1997)]

In the event that said amount of compensation and other benefits is introduced in such a proceeding the court shall instruct the jury that said amount will be deducted by the court from any amount of damages awarded to the plaintiff. If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that *actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death,* then an issue shall be submitted to the jury in such case as to whether actionable negligence of employer joined and concurred with the negligence of the third party in producing the injury or death. The employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding.

N.C.G.S. § 97-10.2(e) (1991) (emphasis added). If the jury finds that the employer's actionable negligence joined and concurred with the negligence of the third party in producing the injury or death, the court must reduce the damages awarded by the jury against the third party by the amount which the employer would otherwise be entitled to receive therefrom by way of subrogation. *Id.*

In the instant case, Yates alleged that the City, through its police department, negligently handled the initial call to the construction site and that such negligence was a proximate cause of Tise's death. Specifically, Yates alleged that the Winston-Salem police officers who had responded to the initial complaint at the construction site (1) had failed to take all reasonable precautions to prevent further tampering and theft of the grading equipment, (2) had ineffectively attempted to disable the equipment, and (3) had failed to contact any representative of Yates about trespassers at the site and/or tampering with the equipment until after the fatal incident. Yates argues that these allegations, when taken as true, sufficiently allege that the City's negligence joined and concurred with its negligence to cause Tise's death so as to bar the City's subrogation rights under N.C.G.S. § 97-10.2(e) and, therefore, were sufficient to withstand the City's motion to dismiss.

In determining whether Yates has alleged sufficient facts showing the City's negligence to withstand a motion to dismiss, we are guided by the standard of the reasonable person of ordinary prudence. "Actionable negligence is the failure to exercise that degree of care

which a reasonable and prudent person would exercise under similar conditions." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992). " 'To recover damages for actionable negligence, a plaintiff must establish (1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by such breach.' " *Mozingo v. Pitt County Memorial Hosp.*, 331 N.C. 182, 187, 415 S.E.2d 341, 344 (1992) (quoting *Waltz v. Wake County Bd. of Educ.*, 104 N.C. App. 302, 304-05, 409 S.E.2d 106, 107 (1991), *disc. rev. denied*, 330 N.C. 618, 412 S.E.2d 96 (1992)). With respect to the legal duty owed, in *Braswell v. Braswell*, 330 N.C. 363, 410 S.E.2d 897 (1991), we specifically adopted the general common law rule known as the public duty doctrine, which provides that "a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Id.* at 370-71, 410 S.E.2d at 901.

In the instant case, the City, in its notice of appearance and answer, asserted the public duty doctrine in its motion to dismiss for failure to state a claim upon which relief could be granted as a bar to Yates' attempt to cut off the City's subrogation rights under N.C.G.S. § 97-10.2(e). The trial court granted the City's motion to dismiss. On appeal, the Court of Appeals, in affirming the order of the trial court, held that "Yates has not sufficiently alleged facts disclosing that a duty was owed by the City to Lieutenant Tise, an essential element of actionable negligence," and that, therefore, its claims attempting to bar the City's subrogation rights pursuant to N.C.G.S. § 97-10.2(e) must fail. *Tise v. Yates Construction Co.*, 122 N.C. App. 582, 589, 471 S.E.2d 102, 107 (1996).

We have some doubt as to the applicability of the public duty doctrine to the circumstances of this case. However, we decline to decide that issue. Assuming *arguendo* that the City owed its employee Tise a duty of care and that the City breached this duty in the manner alleged by Yates, we nevertheless conclude that the trial court did not err in granting the City's motion to dismiss.

The general rule is that the intervening or superseding criminal acts of another preclude liability of the initial negligent actor when the injury is caused by the criminal acts. As our Court of Appeals noted in *Muse v. Charter Hosp. of Winston-Salem*, 117 N.C. App. 468, 452 S.E.2d 589, *aff'd*, 342 N.C. 403, 464 S.E.2d 44 (1995),

[t]he doctrine of superseding, or intervening, negligence is well established in our law. In order for an intervening cause to relieve

the original wrongdoer of liability, the intervening cause must be a new cause, which intervenes between the original negligent act and the injury ultimately suffered, and which breaks the chain of causation set in motion by the original wrongdoer and becomes itself solely responsible for the injury. *Hayes v. City of Wilmington*, 243 N.C. 525, 540, 91 S.E.2d 673, 685 (1956).

*Muse*, 117 N.C. App. at 476, 452 S.E.2d at 595.

In discussing the doctrine of superseding, or intervening, negligence, we have said:

"An efficient intervening cause is a new proximate cause which breaks the connection with the original cause and becomes itself solely responsible for the result in question. It must be an independent force, entirely superseding the original action and rendering its effect in the causation remote."

*Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 566 (1984) (quoting *Harton v. Forest City Tel. Co.*, 141 N.C. 455, 462, 54 S.E. 299, 301-02 (1906)). We also said:

" 'The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another[] is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury.' " [*Butner v. Spease*, 217 N.C. 82, 89, 6 S.E.2d 808, 812 (1939).]

*Hairston*, 310 N.C. at 237, 311 S.E.2d at 567 (quoting *Riddle v. Artis*, 243 N.C. 668, 671, 91 S.E.2d 894, 896-97 (1956)).

In the instant case, the police officers responding to the initial call to the construction site investigated and acted to prevent the criminal acts of unknown third parties. While the officers were called to the site to investigate possible tampering with the grader equipment, Tise's injuries caused by the criminal acts of third parties in their unauthorized operation of the grader could not have been foreseeable from the officers' acts of attempting to disable the grader. The criminal acts in this case were an intervening cause that relieved the City of any actionable negligence by cutting off the proximate cause flowing from the acts of the agents of the City in attempting to disable the grader. This superseding cause was a new cause, which intervened between the original negligent act of the City and the injury ultimately suffered by Tise. The third party criminal acts in this

case broke the chain of causation set in motion by the police officers. Accordingly, the trial court did not err in granting the City's motion to dismiss.

For the foregoing reasons, different from those stated by the Court of Appeals, we affirm the decision of the Court of Appeals, which affirmed the trial court's order granting the City's motion to dismiss Yates' allegations of the City's actionable negligence, and we remand this case to the Court of Appeals for further remand to the Superior Court, Forsyth County, for further proceedings not inconsistent with this opinion.

MODIFIED AND AFFIRMED.