GAIL M. MYERS, Ancillary Administratrix of the ESTATE of DARRYL MYERS, Plaintiff v. SHIRLEY McGRADY, THOMAS W. HIGGINS, MICHAEL P. MURPHY, JAMES F. FOUST, WILLIAM A. SPENCER, JR., and VERIAN LADSON, Successor Representative for the ESTATE of J.C. MYERS, JR., Defendants, and SHIRLEY McGRADY, THOMAS W. HIGGINS, JAMES F. FOUST, WILLIAM A. SPENCER, JR., and VERIAN LADSON, Successor Representative for the ESTATE of J.C. MYERS, JR., Third-Party Plaintiffs v. N.C. DIVISION OF FOREST RESOURCES, A Division of N.C. DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, Third-Party Defendants

No. COA04-973

(Filed 7 June 2005)

**1. Appeal and Error— appealability—interlocutory order— sovereign immunity and public duty doctrine—substantial right**

An interlocutory order involving sovereign immunity and the public duty doctrine affects a substantial right sufficient to warrant immediate appellate review.

MYERS v. McGRADY

[170 N.C. App. 501 (2005)]

**2. Negligence— public duty doctrine—car wreck in forest fire smoke—State forestries activities**

The public duty doctrine was not extended to the activities of the Division of Forest Resources in an action arising from a car wreck that occurred in the smoke from a forest fire.

**3. Appeal and Error— preservation of issues—issues not raised at trial**

Arguments not raised at trial were not addressed on appeal.

**4. Parties— State as third-party defendant—exception to Tort Claims Act**

Third-party claims against the State in superior court are allowed when those claims arise from the same occurrence as the original claims. The trial court here did not err by denying the motion of the Division of Forest Resources to dismiss a suit against it where the original and third-party claims arise from the same occurrence, an automobile wreck that occurred in the smoke from a forest fire.

Judge TYSON concurring in part and dissenting in part.

Appeal by Third-Party Defendants from orders entered 24 February and 23 March 2004 by Judges Donald W. Stephens and Abraham P. Jones in Superior Court, Durham County. Heard in the Court of Appeals 22 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Richard L. Harrison, for third-party-defendant-appellants.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by F. Fincher Jarrell, for defendant-third-party-plaintiff-appellees James F. Foust and William A. Spencer, Jr.*

*Douglas F. DeBank, for defendant-third-party-plaintiff-appellee Verian Ladson, Successor Representative for the Estate of J.C. Myers.*

*Twiggs, Beskind, Strickland & Rabenau, P.A., by Donald R. Strickland and Jerome P. Trehy, Jr., for defendant-third-party-plaintiff-appellee Gail Myers.*

*The Derrick Law Firm, by Dirk J. Derrick, for defendant-third-party-plaintiff-appellee Gail Myers.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio and Jamal A. Rhinehardt, for defendant-third-party-plaintiffs Shirley McGrady and Thomas W. Higgins.*[1]

*Yates, McLamb & Weyher, LLP, by Rodney E. Pettey, for defendant Michael P. Murphy.*[2]

WYNN, Judge.

The public duty doctrine is an exception to the Tort Claims Act and shields the State from liability for negligence claims arising from the alleged failure of law enforcement to prevent misconduct by a third party and the alleged failure of a state agency to detect and prevent misconduct of a third party through improper inspections. Here, Third-Party Defendants North Carolina Division of Forest Resources and North Carolina Department of Environment and Natural Resources (hereinafter referred to collectively as "Division of Forest Resources") argue that the public duty doctrine shields them from liability for claims of negligence arising from a forest ranger's alleged actions and inactions in dealing with a forest fire. Because this case fits into neither established category of the public duty doctrine's application, we affirm the trial court's holding that the public duty doctrine does not shield the Division of Forest Resources.

The record reflects that, on 9 June 2002, a multiple-vehicle accident occurred on I-95 in Northhampton County, North Carolina, resulting in the death of Darryl Myers, who was a passenger in a vehicle driven by J. C. Myers, also killed in the accident. According to the complaint filed by Gail M. Myers as administratrix of the estate of Darryl Myers, at the time of the accident, a forest fire produced smoke which, combined with fog, obscured the vision of travelers.

Ms. Myers alleged that the accident occurred as a result of the following facts: Upon driving into the I-95 area obscured by smoke and fog, Shirley McGrady "negligently stopped" a vehicle to switch seats with the owner and passenger in the vehicle, Thomas W. Higgins. Ms. Myers alleged that Higgins "negligently failed to instruct [Ms. McGrady] to get the vehicle out of the travel lane and into the emergency lane." Thereafter, a chain-reaction of rear-end collisions occurred when Michael P. Murphy drove his vehicle into the rear of

---

1. No brief was filed on behalf of Shirley McGrady and Thomas W. Higgins.

2. No brief was filed on behalf of Michael P. Murphy.

the stopped Higgins vehicle; John Foust, driving a tractor-trailer, struck the rear of Murphy's vehicle; and J. C. Myers, driving the vehicle in which Darryl Myers rode as a passenger, rear-ended the tractor-trailer. Ms. Myers alleged that Foust's liability was imputed to William A. Spencer, Jr., the owner of the tractor-trailer. She alleged the negligence of all Defendants proximately caused Darryl Myers' death.

Thereafter, Defendants brought third-party complaints against the Division of Forest Resources and its employee, Michael Bennett. The third-party complaints alleged that Bennett, a county forest ranger, negligently failed to extinguish a forest fire, left a still smoldering forest fire, and failed to protect motorists and warn motorists of the danger of reduced visibility caused by smoke and fog. Third-Party Plaintiffs (Defendants to Ms. Myers' action) further alleged that any negligence on their part was "secondary to the primary and active negligence" of the Division of Forest Resources, which entitled them to indemnification.

In response, the Division of Forest Resources and Bennett moved for dismissal of the third-party claims. On 24 February 2004, the trial court denied the motion as to the Division of Forest Resources but granted the motion as to Bennett. In March 2004, the trial court allowed Ms. Myers to amend her complaint to add claims against the Division of Forest Resources and denied the Division of Forest Resources' motion to dismiss the amended complaint.

This appeal follows from the orders denying dismissal of the claims against the Division of Forest Resources.

---

[1] Preliminarily, we note that the Division of Forest Resources appeals from orders denying motions to dismiss. These orders are interlocutory, *i.e.*, "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999); *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (same). Generally, there is no right of immediate appeal from interlocutory orders. *Travco Hotels, Inc. v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992); *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, we take this appeal pursuant to North Carolina General Statute section 7A-27(d)(1), allowing review of interlocutory orders affecting a "sub-

stantial right," because the appeal of an interlocutory order raising issues of sovereign immunity and the public duty doctrine affects a substantial right sufficient to warrant immediate appellate review. N.C. Gen. Stat. § 7A-27(d)(1) (2004); *Derwort v. Polk County*, 129 N.C. App. 789, 790-91, 501 S.E.2d 379, 380 (1998) (a substantial right was affected where Polk County asserted the public duty doctrine); *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283 (1996) ("[W]e have held that orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right.").

**[2]** On appeal, the Division of Forest Resources argues that the trial court erroneously failed to find that the complaints against it were barred by the public duty doctrine.

Under North Carolina law, the State Tort Claims Act waives sovereign immunity by permitting actions against the State for negligence committed by State employees in the course of their employment. N.C. Gen. Stat. § 143-291 (2004); *Zimmer v. N.C. Dep't of Transp.*, 87 N.C. App. 132, 134, 360 S.E.2d 115, 117 (1987) ("By enactment of the Tort Claims Act, . . . the General Assembly partially waived the sovereign immunity of the State to the extent that it consented that the State could be sued for injuries proximately caused by the negligence of a State employee acting within the scope of his employment." (citation omitted)). However, in 1991, our Supreme Court adopted the public duty doctrine, which provides an exception to the Tort Claims Act.

> The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals. This rule recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act.

*Braswell v. Braswell*, 330 N.C. 363, 370-71, 410 S.E.2d 897, 901 (1991) (citations omitted); *Lassiter v. Cohn*, 168 N.C. App. 310, 315-16, 607 S.E.2d 688, 692 (2005) (same). In *Braswell*, the decedent's son sued his father, who killed his mother, as well as the county sheriff. The plaintiff's claims against the county sheriff included negligent failure to protect the decedent, a claim the Supreme Court held was barred by the public duty doctrine.

In 1998, our Supreme Court applied the public duty doctrine to state agencies required to conduct inspections for the public's general protection. *Stone v. N.C. Dep't of Labor*, 347 N.C. 473, 495 S.E.2d 711 (1998). In *Stone*, decedents' estates brought suit, alleging the Department of Labor breached its statutory duty to inspect a food products plant where, *inter alia*, exits were inadequate and blocked, and decedents were unable to escape a plant fire. Our Supreme Court held that "[j]ust as we [in *Braswell*] 'refused to judicially impose an overwhelming burden of liability [on law enforcement] for failure to prevent every criminal act,' we now refuse to judicially impose an overwhelming burden of liability on defendants for failure to prevent every employer's negligence that results in injuries or deaths to employees." *Id.* at 481, 495 S.E.2d at 716. The Supreme Court applied this same reasoning again in *Hunt v. N.C. Dep't of Labor*, 348 N.C. 192, 499 S.E.2d 747 (1998). In that case, the plaintiff sought damages for injuries received on an amusement park go-kart. A Department of Labor inspector had approved the go-karts although the seatbelts were not in compliance with State rules and regulations. The Supreme Court held that "[t]o hold contrary to our holding in *Stone*, in which we held that the defendants' failure to inspect did not create liability, would be tantamount to imposing liability on defendant in this case solely for inspecting the go-karts and not discovering them to be in violation of the Code[,]" and the Department of Labor "would become a virtual guarantor of the safety of every go-kart subject to its inspection, thereby, exposing it to an overwhelming burden of liability for failure to detect every code violation or defect." *Id.* at 198-99, 499 S.E.2d at 751 (quotation omitted).

After *Braswell*, this Court interpreted the public duty doctrine to apply to public duties beyond those related to law enforcement protection. *See Moses v. Young*, 149 N.C. App. 613, 616, 561 S.E.2d 332, 334-35 (providing extensive review of the application of the public duty doctrine), *disc. review denied*, 356 N.C. 165, 568 S.E.2d 199 (2002).[3]

In response to this expansion, in *Lovelace*, 351 N.C. at 461, 526 S.E.2d at 654, our Supreme Court stated that "we have never expanded the public duty doctrine to any local government agencies

---

3. We note that one such case, *Davis v. Messer*, 119 N.C. App. 44, 457 S.E.2d 902 (1995), extended the public duty doctrine's application to a town fire department and fire chief, a scenario similar to the case at bar. However, in light of *Lovelace v. City of Shelby*, 351 N.C. 458, 461, 526 S.E.2d 652, 654 (2000), *Davis* was explicitly overruled. *Willis v. Town of Beaufort*, 143 N.C. App. 106, 544 S.E.2d 600 (2001).

other than law enforcement departments when they are exercising their general duty to protect the public" and made clear that "the public duty doctrine, as it applies to local government, is limited to the facts of *Braswell*."[4] *Lovelace* did not concern state agencies or departments but nevertheless noted that "this Court has extended the public duty doctrine to state agencies required by statute to conduct inspections for the public's general protection . . . ." *Id.* The Supreme Court underscored its *Lovelace* holding in *Thompson v. Waters*, 351 N.C. 462, 526 S.E.2d 650 (2000), filed the same day as *Lovelace*, by refusing to extend the application of the public duty doctrine to a county for alleged negligent inspection of a private home.

Thus, after *Lovelace*, it appears that the public duty doctrine applies where plaintiffs allege negligence through (a) failure of law enforcement to provide protection from the misconduct of others, and (b) failure of state departments or agencies to detect and prevent misconduct of others through improper inspections.

The instant case fits into neither of these applications. As to the first application, law enforcement officers have been defined as: "Any officer of the State of North Carolina or any of its political subdivisions authorized to make arrests . . .[,]" N.C. Gen. Stat. § 14-288.1 (2004), and "[a]n employee or volunteer of an employer who possesses the power of arrest, who has taken the law enforcement oath . . ., and who is certified as a law enforcement officer under the provisions of Chapter 17C of the General Statutes or certified as a deputy sheriff under the provisions of Chapter 17E of the General Statutes." N.C. Gen. Stat. § 115B-1(3) (2004); N.C. Gen. Stat. § 128-21(11b) (2004) (same).

Here, the third-party complaints assert claims against the Division of Forest Resources based on the alleged negligence of its employee, a county forest ranger. Under North Carolina General Statute section 113-55, which enumerates the powers and authority of forest rangers, a forest ranger is expressly not granted authority to make arrests and is expressly not a criminal justice officer. N.C. Gen. Stat. § 113-55 (2004) ("This subsection may not be interpreted to confer the power of arrest on forest rangers, and does not make them

---

4. In a recent case, *Lassiter v. Cohn*, 168 N.C. App. 310, 318, 607 S.E.2d 688, 693-94 (2005), this Court applied the public duty doctrine to a law enforcement official's alleged negligent failure to prevent third-party misconduct not as to criminal acts, as in *Braswell*, but regarding a traffic accident.

criminal justice officers within the meaning of G.S. 17C-2.").[5] Because the employee subjecting the Division of Forest Resources to potential liability was not a law enforcement officer, the application of the public duty doctrine to allegations of negligent failure of a law enforcement officer to provide protection from the misconduct of others is not applicable.

Moreover, the bases of the claims here are the forest ranger's alleged failure to extinguish a forest fire, failure to protect motorists and warn motorists of reduced visibility due to smoke and fog, and negligently leaving a still smoldering forest fire. There are no allegations of negligence due to the forest ranger's failure to detect and prevent misconduct of others through improper inspections, and the statutes enumerating forest ranger duties do not indicate that inspection duties akin to the duties in *Stone* and *Hunt* exist. *See* N.C. Gen. Stat. § 113-54 (2004); N.C. Gen. Stat. § 113-55.

In sum, after *Lovelace*, the cases in which the public duty doctrine applies are those in which plaintiffs allege negligence through (a) failure of law enforcement to provide protection from the misconduct of others, and (b) failure of state departments or agencies to detect and prevent misconduct of others through improper inspections. The instant case falls into neither of those categories. Moreover, because our Supreme Court in *"Lovelace* [] sought to reign in the expansion of the public duty doctrine's application to other government agencies[,]" *Lassiter*, —— N.C. App. at ——, 607 S.E.2d at 692, even if the sought extension in *Lovelace* was as to local government rather than the State, we decline to extend the public duty doctrine to the Division of Forest Resources in this case. We therefore find the Division of Forest Resources' argument that the trial court erred when it denied its motion to dismiss the complaints because the complaints were barred by the public duty doctrine to be without merit.

**[3]** The Division of Forest Resources next argues that the trial court erred when it failed to dismiss complaints made under the Tort

---

5. Under North Carolina General Statute section 17C-2, criminal justice officers are:

> The administrative and subordinate personnel of all the departments, agencies, units or entities comprising the criminal justice agencies who are sworn law-enforcement officers, both State and local, with the power of arrest; State correctional officers; State probation/parole officers; State probation/parole officers-surveillance; officers, supervisory and administrative personnel of local confinement facilities; State juvenile justice officers; chief court counselors; and juvenile court counselors.

N.C. Gen. Stat. § 17C-2 (2004).

Claims Act by Third-Party Plaintiffs where the complaints against the forest ranger individually had been dismissed.

Where "[t]he record does not contain anything in the pleadings, transcripts, or otherwise, to indicate that [an] issue . . . was presented to the trial court . . . we refuse to address the issue for the first time on appeal." *Bell v. Nationwide Ins. Co.*, 146 N.C. App. 725, 728, 554 S.E.2d 399, 402 (2001) (citing N.C. R. App. P. 10(b)); *Creasman v. Creasman*, 152 N.C. App. 119, 123, 566 S.E.2d 725, 728 (2002) ("A contention not raised in the trial court may not be raised for the first time on appeal." (citations omitted)). Here, the record reflects that the Division of Forest Resources did not raise this argument before the trial court. Indeed, when, at the hearing, the trial court declined to dismiss as to the Division of Forest Resources but dismissed the claims against the forest ranger individually, the trial court explicitly asked the Division of Forest Resources if they would like to be heard. The only response was, "Thank you, Your Honor." Because the Division of Forest Resources has not preserved its second argument for appellate review, we do not address it.

The Division of Forest Resources further argues that the trial court erred when it failed to dismiss complaints against it where the complaints failed to allege waiver of sovereign immunity.

As discussed above, where "[t]he record does not contain anything in the pleadings, transcripts, or otherwise, to indicate that [an] issue . . . was presented to the trial court . . . we refuse to address the issue for the first time on appeal." *Bell*, 146 N.C. App. at 728, 554 S.E.2d at 402. Here, the record reflects that the Division of Forest Resources raised this argument neither in its motions to dismiss nor at the hearing. Because the Division of Forest Resources has not preserved its third argument for appellate review, we do not address it.[6]

---

6. The dissent concedes that the Division of Forest Resources failed specifically to state failure to allege waiver of sovereign immunity as a grounds for dismissal in its motions to dismiss and at the hearing. Nevertheless, the dissent deems this issue preserved for appellate review. We disagree. Our courts have made clear that new legal theories may not be raised on appeal. *See, e.g., State v. Wiley*, 355 N.C. 592, 624, 565 S.E.2d 22, 44 (2002) (Where the defendant, in his pretrial motion to suppress and again prior to sentencing, contended that his plea was not entered freely, voluntarily, and knowingly and did not make arguments based on due process, the defendant "abandoned his due process position at trial and cannot now revitalize it on appeal." (citing N.C. R. App. P. 10; *State v. Larrimore*, 340 N.C. 119, 149, 456 S.E.2d 789, 805 (1995); *Weil v. Herring*, 207 N.C. 6, 6, 175 S.E. 836, 838 (1934) ("[T]he record discloses that the cause was not tried upon [the defendant's] theory, and the law does not permit parties to swap horses between courts to get a better mount in the Supreme Court."))). Moreover, North Carolina General Statutes section 1A-1, Rule 46, quoted and discussed

**[4]** Lastly, the Division of Forest Resources argues that the trial court erred when it denied its motion to dismiss Ms. Myers' complaint against it where the North Carolina General Assembly has failed to waive the State's immunity from suit for negligence except in the Industrial Commission. The Division of Forest Resources contends that, while the other defendants may be able to bring it in as a third party, Ms. Myers, the original plaintiff, is required to pursue her claim in the Industrial Commission. We disagree.

As this Court recently stated in *Batts v. Batts*, 160 N.C. App. 554, 557-58, 586 S.E.2d 550, 552-53 (2003):

> Under the clear language of Rule 14(a), once a third-party defendant is added to a lawsuit, a plaintiff may assert claims directly against the third-party defendant, subject only to the limitation that the claim arose out of the same transaction or occurrence as the plaintiff's original claim against the original defendant.

> The Tort Claims Act waives sovereign immunity. By the addition of Rule 14(c), the General Assembly created an exception to the general rule that claims against the State under the Tort Claims Act must be pursued before the Industrial Commission as to third-party claims. The 1975 amendment to Rule 14 does not place any limitations on the application of Rule 14(a) to claims against the State. Rule 14 must be construed as a whole and not in separate parts. By adding subsection (c) to Rule 14, the General Assembly waived the State's immunity to claims brought by a plaintiff under Rule 14(a), subject to the express limitations contained therein. "It is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658-59, 174 S.E.2d 793, 804-05 (1970). Since the claims asserted by plaintiff against NCDOT are identical to those asserted by defendant Batts against NCDOT, and since these claims arise out of the same transaction and occurrence that is the subject matter of plaintiff's original claim, plaintiff is permitted to assert its claims against NCDOT under the provisions of Rule 14.

Similarly, here, Ms. Myers' allegations as to the Division of Forest Resources are identical to those made by Third-Party Plaintiffs, and

---

by the dissent, requires that a party "make[] known" not only the action the party desires the court to make, but also "the party's grounds for its position." N.C. Gen. Stat. § 1A-1, Rule 46(b) (2004). Here, the Division of Forest Resources failed to make this ground known prior to its appeal, for which it is not preserved.

.

MYERS v. McGRADY

[170 N.C. App. 501 (2005)]

the claims arise out of the same transaction and occurrence that was the subject matter of Plaintiff's original claim. Ms. Myers, like Third-Party Plaintiffs, alleges negligence for failing to extinguish a forest fire, leaving a still smoldering forest fire, and failing to protect motorists and warn motorists of the danger of reduced visibility caused by smoke and fog. Ms. Myers contends this negligence proximately caused the death by vehicular accident of Darryl Myers, the transaction and occurrence out of which her original claim arose. We therefore find the Division of Forest Resources' argument that the trial court erred in denying its motion to dismiss Plaintiff's complaint to be without merit.

For the foregoing reasons, we affirm the orders of the trial court.

Affirmed.

Judge ELMORE concurs.

Judge TYSON concurs in part and dissents in part.

Tyson, Judge concurring in part, dissenting in part.

The majority's opinion holds: (1) the Division of Forest Resources failed to properly preserve for appellate review its assignment of error concerning third-party plaintiffs failure to allege waiver of immunity; (2) the public duty doctrine does not shield the Division of Forest Resources from liability resulting from claims of negligence against a forest ranger; (3) the North Carolina Division of Forest Resources failed to properly preserve for appellate review its assignment of error concerning the dismissal of individual claims against Michael Bennett; and (4) Ms. Myers may pursue her claims against the State in Superior Court. I concur with the determination of issues three and four above in the majority's opinion. However, I respectfully dissent from the analysis and holding regarding issues one and two above in the majority's opinion.

## I. Sufficiency of Complaint

"It has long been the established law of North Carolina that the State cannot be sued except with its consent or upon its waiver of immunity." *Paul L. Whitfield, P.A. v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998) (citing *Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983)). A plaintiff asserting causes of action against the State must allege in their complaint the State

waived its sovereign immunity. *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002) (citing *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994)), *disc. rev. denied*, 357 N.C. 165, 580 S.E.2d 695 (2003). Without an "allegation of waiver in the plaintiff's complaint, the plaintiff is absolutely barred from suing the State . . . in an action for negligence." *Vest v. Easley*, 145 N.C. App. 70, 74, 549 S.E.2d 568, 573 (2001).

The majority's opinion dismisses the Division of Forest Resources' assignment of error concerning the sufficiency of third-party plaintiffs' complaint for failure to raise the issue at the trial court level. It asserts "the Division of Forest Resources raised this argument neither in its motions to dismiss nor at the hearing." I disagree.

It is undisputed that third-party plaintiffs failed to include in their complaint alleging negligence against the Division of Forest Resources: (1) an assertion of waiver of immunity by the State (the State stipulated third-party plaintiffs Foust and Spencer asserted waiver of immunity); or (2) made any mention of the Tort Claims Act. In response to this complaint, the Division of Forest Resources filed a motion to dismiss "pursuant to Rule 12(b)(1), (2), (6), and 12(c) of the N.C. Rules of Civil Procedure." The majority's opinion holds the State's motion was not sufficient to preserve the issue for appellate review. I disagree.

### A.  Essential Elements

When a plaintiff asserts negligence against the State, *five* elements must be alleged. The first four comprise common law negligence. *See Tise v. Yates Construction Co., Inc.*, 345 N.C. 456, 460, 480 S.E.2d 677, 680 (1997) (a legal duty, breach of that duty, and injury proximately caused by the breach). The fifth is the waiver of immunity by the State. *Paquette*, 155 N.C. App. at 418, 573 S.E.2d at 717; *Vest*, 145 N.C. App. at 74, 549 S.E.2d at 573. The complaints at bar fail to include an allegation of waiver by the Statute. Under a 12(b)(6) motion for failure to state a claim upon which relief may be granted, third-party plaintiffs' complaint must be dismissed for failure to allege all the necessary elements of their claim. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (On a motion to dismiss, the standard of review is "whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory."); *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991)

(whether allegations sufficient to state a claim upon which relief can be granted under some legal theory).

## B. Preservation of Error

Under Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (2004). A party may not raise a new theory to the case for the first time on appeal. *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("the law does not permit parties to swap horses between courts in order to get a better mount" on appeal).

N.C. Gen. Stat. § 1A-1, Rule 46(b) (2003) states:

> With respect to pretrial rulings, interlocutory orders, trial rulings, and other orders of the court not directed to the admissibility of evidence, formal objections and exceptions are unnecessary. In order to preserve an exception to any such ruling or order or to the court's failure to make any such ruling or order, it shall be sufficient if a party, at the time the ruling or order is made or sought, makes known to the court the party's objection to the action of the court or makes known the action that the party desires the court to take and the party's grounds for its position. If a party has no opportunity to object or except to a ruling or order at the time it is made, the absence of an objection or exception does not thereafter prejudice that party.

This Court held in *Barbour v. Little*:

> Under G.S. 1A-1, Rule 46(b), with respect to rulings and orders of the trial court not directed to admissibility of evidence, no formal objections or exceptions are necessary, it being sufficient to preserve an exception that the party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor. *This the defendants did when they filed their motion to dismiss under Rule 12(b)(6). No further action by defendants in the trial court was required to preserve their exception.* In the record on appeal defendants properly set out their exception to [the trial court's] order, as they were expressly permitted to do by Rule 10(d) of the Rules of

Appellate Procedure. We find that the question of the validity of [the trial court's] order denying defendants motion to dismiss under Rule 12(b)(6) has been properly preserved by defendants' cross assignment of error and is before us on this appeal.

37 N.C. App. 686, 692-93, 247 S.E.2d 252, 256 (emphasis supplied), *cert. denied,* 295 N.C. 733, 248 S.E.2d 862 (1978); *see also Inman v. Inman,* 136 N.C. App. 707, 711-12, 525 S.E.2d 820, 823 (pursuant to Rule 46(b) of the North Carolina Rules of Civil Procedure, defendants who filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) were not required to take further action in the trial court in order to preserve their exception), *cert. denied,* 351 N.C. 641, 543 S.E.2d 870 (2000).

The Division of Forest Resources properly preserved the assigned error for our review and stated the State's "grounds for its position." N.C. Gen. Stat. § 1A-1, Rule 46(b); *Barbour,* 37 N.C. App. at 693, 247 S.E.2d at 256; *Inman,* 136 N.C. App. at 711-12, 525 S.E.2d at 823. The State moved the trial court to dismiss third-party plaintiffs' complaint for lack of "subject matter jurisdiction, personal jurisdiction, and [failure] to state a claim for which relief may be granted pursuant to the public duty doctrine . . . ." The State is not required by statute or case law to further *specifically* state in its pleadings or during the motion hearing that third-party plaintiffs failed to allege waiver of immunity. *Id.* The assigned error was preserved for appellate review. Without an allegation of waiver of immunity, third-party plaintiffs "failed to state a claim" against the State by asserting all five required elements to allege negligence against the State. The trial court should have granted the State's motion.

## II. The Public Duty Doctrine

Following a discussion of our Supreme Court's decisions on the subject, the majority's opinion holds, "it appears that the public duty doctrine applies where plaintiffs allege negligence through (a) failure of law enforcement to provide protection from the misconduct of others, and (b) failure of state departments or agencies to detect and prevent misconduct of others through improper inspections." I disagree with the analysis and holding in the majority's opinion on the merits.

### A. *Stone v. N.C. Dept. of Labor*

In *Braswell,* our Supreme Court initially recognized the public duty doctrine as an exception to the Tort Claims Act for municipali-

ties, political subdivision, and their agents. 330 N.C. at 370-71, 410 S.E.2d at 901-02 (applied to a county sheriff). In *Stone*, the Court extended the doctrine's scope to "state agencies" and "governmental functions other than law enforcement." 347 N.C. at 481, 495 S.E.2d at 716. The Court's analysis in reaching that holding demonstrates *Stone's* applicability to the issue at bar. *See id.* ("The policies underlying recognition of the public duty doctrine in *Braswell* support its application here.").

Extending the public duty doctrine to claims against the State under the Tort Claims Act was predicated upon three elements. First, the Court considered the legislative intent of the Tort Claims Act to determine whether the public duty doctrine applied to claims brought under the Act against the State. *Id.* at 478-79, 495 S.E.2d at 714 ("[O]ur primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished." (quotation omitted)). Our Supreme Court held "the plain words of the statute indicate an intent that the doctrine apply to claims brought under the Tort Claims Act." *Id.* at 479, 495 S.E.2d at 714 ("Acts, such as the Tort Claims Act, that permit suit in derogation of sovereign immunity should be strictly construed." (citation omitted)). A plaintiff must show the governmental entity owed "a special relationship" or "a special duty" to a particular individual to avoid the public duty doctrine defense. *Id.* (citing *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902).

Second, the Court "recognize[d] the limited resources of [the state agency] . . . . [and] refuse[d] to judicially impose an overwhelming burden of liability on defendants for failure to prevent every employer's negligence that results in injuries or deaths to employees." *Id.* at 481, 495 S.E.2d at 716 (" '[A] government ought to be free to enact laws for the public protection without thereby exposing its supporting taxpayers . . . to liability for failures of omission in its attempt to enforce them. It is better to have such laws, even haphazardly enforced, than not to have them at all.' " (citation omitted)).

Third, our Supreme Court considered the legislative intent in establishing the Occupational Safety and Health Division of the Department of Labor. *Id.* at 482, 495 S.E.2d at 716. A review of Chapter 95 of the General Statutes showed "the most the legislature intended was the Division prescribe safety standards and secure some reasonable compliance" by employers. *Id.* No private individual could initiate a cause of action against the State "to assure compliance." *Id.*

## B. *Hunt v. N.C. Dept. of Labor*

Our Supreme Court returned to and addressed this issue again in *Hunt*, 348 N.C. 192, 499 S.E.2d 747. There, the plaintiff alleged a common law negligence action against the State under the Tort Claims Act. *Id.* at 195, 499 S.E.2d at 749. The Department of Labor "contend[ed] that the public duty doctrine bars this action against the State." *Id.* The Court followed the analysis set forth in *Stone* and reiterated "the public duty doctrine can apply to actions against state agencies brought under the Tort Claims Act." *Id.*

Our Supreme Court next considered whether a "distinct duty to any specific individual" existed that would except from the general rule "that a governmental entity acts for the benefit of the general public, not for a specific individual, and, thus, cannot be held liable for a failure to carry out its duties to an individual." *Id.* at 196, 499 S.E.2d at 749-50 (citations omitted). The Court cited *Braswell* in recognizing the two instances that would create the exception to the general rule: (1) "where there is a special relationship between the injured party and the governmental entity;" and (2) "when the governmental entity creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." *Id.* at 197, 499 S.E.2d at 750.

Applying these exceptions to the facts in *Hunt*, our Supreme Court determined the statutes and administrative rules cited by the plaintiff did "not explicitly prescribe a standard of conduct for this defendant as to individual[s]" as required under the first exception to the general rule. *Id.* at 198, 499 S.E.2d at 751. Further, the plaintiff did not allege "an actual promise" by the State to satisfy the second exception. *Id.* at 199, 499 S.E.2d at 751. The Court concluded "the claim fails unless it fits into one of the two exceptions." *Id.*

## C. The Majority

The majority's opinion contends the public duty doctrine bars *only* negligence claims involving: (a) failure of law enforcement to provide protection from the misconduct of others; and (b) failure of State departments or agencies to detect and prevent misconduct of others through improper inspections. It cites *Braswell, Stone, Hunt, Lovelace,* and *Thompson* as authority in support of this notion.

My analysis of *Stone* and precedents it relies upon shows our Supreme Court based its application of the public duty doctrine to the

State agency due to the underlying principles of the doctrine and sovereign immunity, *not* the status of the State agency to conduct inspections. 347 N.C. at 481, 495 S.E.2d at 716. The Court followed this analysis in *Hunt*. 348 N.C. at 196, 499 S.E.2d at 749. The Division of Forest Resources is a *State* agency. Despite the majority's opinion stating otherwise, Bennett is a *State* employee. N.C. Gen. Stat. § 113-51 through § 113-55 (2003). *Lovelace, Thompson*, and their progeny were *solely* limited to claims against *local* government, do not bear upon, and are inapplicable to the facts at bar. *Lovelace*, 351 N.C. at 461, 526 S.E.2d at 654; *Thompson*, 351 N.C. at 465, 526 S.E.2d at 652; *Wood v. Guilford County*, 355 N.C. 161, 167, 558 S.E.2d 490, 495 (2002) (public duty doctrine barred claim against County agency that provided security to the courthouse).

### D.  Division of Forest Resources

Applying our Supreme Court's analysis in *Stone* and *Hunt* to the facts here shows: (1) this action against the Division of Forest Resources falls within the scope of the public duty doctrine; and (2) neither exception under *Braswell* to the general rule precluding State liability applies.

Third-party plaintiffs' complaint against the Division of Forest Resources alleges it acted *negligently* with its handling of the forest fire. If third-party plaintiffs are permitted to pursue their claim despite failure to assert a waiver of immunity or the Tort Claims Act, the public duty doctrine bars this claim pursuant to *Stone* and *Hunt*.

Third-party plaintiffs do not assert and my review of the General Statutes does not indicate that: (1) a special relationship existed between them and the Division of Forest Resources; or (2) the Division of Forest Resources owes a statutory special and individual duty to each claimant.

N.C. Gen. Stat. § 113-51, Powers of Department of Environment and Natural Resources, states "[t]he Department of Environment and Natural Resources may take such action as it may deem necessary to provide for the prevention and control of forest fires in any and all parts of this State . . . ." N.C. Gen. Stat. § 113-54 provides, "[f]orest rangers shall have charge of measures for controlling forest fires . . . [and] shall post along highways and in other conspicuous places copies of forest fire laws and warnings against fires . . . ." N.C. Gen. Stat. § 113-55(a) begins, "[f]orest rangers shall prevent and extinguish forest fires and shall have control and direction of all persons and

equipment while engaged in the extinguishing of forest fires." These statutes, individually or collectively, do not promulgate a special duty to specific individuals or recognize any special relationships. Third-party plaintiffs failed to show the deceased was "promised" any special duty or relationship by the State that he relied upon to his detriment. *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902. Rather, the Division of Forest Resources' duty to abide by the statutes is owed to the general public alone and not to any of the claimants here.

## III.  Conclusion

The Division of Forest Resources properly preserved for appeal its assignment of error by asserting a motion to dismiss and addressing third-party plaintiffs failure to allege a waiver of immunity by the State. The public duty doctrine applies to the facts at bar. Neither exception to the general rule of sovereign immunity and no liability to the State was asserted by third-party plaintiffs and no waiver exists in the record before us.

The trial court erred by not dismissing third-party plaintiffs' complaint for failure to state a claim upon which relief can be granted. I respectfully dissent.