DAVIS, Judge.
G.S.C. Holdings, LLC ("GSC"), Crazie Overstock Promotions, LLC ("Crazie Overstock"), and T and A Amusements, LLC ("T&A") (collectively "Plaintiffs") appeal from the trial court's order dismissing their amended complaint under Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. After careful review, we reverse the trial court's order and remand for further proceedings.
Factual and Procedural Background
Crazie Overstock, a retailer of various discount goods, licenses "retail establishments" to promote and display its goods, which may then be purchased through Crazie Overstock's website. Customers may purchase items through the website with either a credit card or an electronic gift certificate. In order to incentivize the sale of such gift certificates, Crazie Overstock has created a promotional rewards program (the "CO Rewards Program").
The CO Rewards Program allows customers to receive a certain number of "game points" for each dollar of gift certificates they purchase through kiosks located in the retail establishments. Game points may then be used to play "reward games" on machines in these establishments. The reward games require no skill, and their results are determined randomly. Customers who are successful at reward games receive "reward points" as a result. Reward points, in turn, may be used by the customer to play a "dexterity test," which tests players' hand-eye coordination and reflexes by requiring them "to stop a simulated stopwatch within specified ranges." Customers who are successful at the dexterity test then receive "dexterity points," which may be redeemed for cash rewards.
T&A is a distributor for Crazie Overstock and, as such, is responsible for recruiting persons to operate retail establishments and for helping to set up and service those establishments. In the spring of 2015, T&A recruited GSC to open a store in Archdale, North Carolina. Based on their knowledge that the Alcohol Law Enforcement Division ("ALE") of the North Carolina Department of Public Safety and local law enforcement agencies had previously investigated other businesses offering similar promotional rewards programs, the principals of GSC contacted the Archdale Police Department and offered to conduct a demonstration of the CO Rewards Program in the hope of demonstrating that the program did not violate North Carolina's gambling and sweepstakes statutes.
On 16 June 2015, a demonstration of the CO Rewards Program was conducted for Shannon Craddock, Chief of Police of the Archdale Police Department, and Detective Cogina, an officer with that department. On 22 June 2015, Detective Cogina returned to GSC's store to take video footage of another demonstration. On 29 June 2015, Detective Cogina contacted Ted Lyda, one of T&A's principals, and informed him that "the City Police Chief, the ALE, and representatives from the Office of the District Attorney all had viewed the video he had taken and all considered the CO Rewards Program to violate both the Video Sweepstakes Law and the Gambling Statutes." Detective Cogina also stated that he had been instructed by Chief Craddock to inform GSC that "if [it] commenced operations, including the CO Rewards Program, GSC's principals and employees would be charged criminally, and that the company's equipment and other personal property would be confiscated."
That same day, Detective Cogina called a principal of GSC and related that he had discussed the CO Rewards Program with ALE Agent Stephen Abernathy and that Agent Abernathy had agreed that the CO Rewards Program violated North Carolina law. Detective Cogina further informed the GSC representative "that if GSC operates the CO Rewards Program ... GSC would be shut down, that its equipment could be seized, and that GSC's principals could be charged with felonies." As a result of these warnings, GSC never opened its store.
On 20 August 2015, Plaintiffs filed the present action in Randolph County Superior Court requesting, inter alia , that the trial court (1) declare that the CO Rewards Program does not violate North Carolina law; and (2) enjoin the defendants from taking law enforcement action against retail establishments for offering the CO Rewards Program. The complaint named as defendants Patrick McCrory, Governor of North Carolina; Frank L. Perry, Secretary of the North Carolina Department of Public Safety; Mark J. Senter, Branch Head of ALE; Shannon Craddock, Chief of the Archdale Police Department; and Maynard B. Reid, Jr., Sheriff of Randolph County (collectively "Defendants"). All of the defendants were sued solely in their official capacities.
Plaintiffs alleged in their amended complaint that "ALE and other state officials desire to eradicate all electronic sweepstakes or electronic rewards programs from the State of North Carolina, including the CO Rewards Program, without regard to whether such sweepstakes or rewards programs violate the Gambling Statutes or the Video Sweepstakes Statute, or other applicable law." Plaintiffs also asserted that ALE officers, in conjunction with local law enforcement agencies, have participated in numerous raids of businesses offering rewards programs, resulting in both threatened and actual prosecutions. Plaintiffs further alleged that "[a]s a direct result of threats by ALE and increased activity by ALE and other local and state officials, GSC, [T&A] and Crazie Overstock are being harmed because current and potential Retail Establishments, including GSC, are afraid to offer the CO Rewards Program, even though that program complies fully with all applicable laws."
On 1 October 2015, Defendants McCrory, Perry, and Senter filed a motion to dismiss pursuant to Rule 12(b)(1) based on sovereign immunity and under Rule 12(b)(6) on the ground that the complaint failed to state a claim upon which relief could be granted against them. On the same day, Chief Craddock filed a motion to dismiss under Rules 12(b)(1), (2), and (6) in which he asserted, inter alia , that Plaintiffs' claims against him were barred by "the doctrine of sovereign and/or governmental immunity, which immunity has not been waived."
A hearing on Defendants' motions was held on 12 October 2015 before the Honorable Michael D. Duncan. The arguments at the hearing were limited to the issues of whether Defendants were entitled to sovereign or governmental immunity and whether a justiciable controversy existed. The trial court issued an order on 19 November 2015 granting Defendants' motions and concluding that (1) dismissal of Plaintiffs' claims was proper under Rule 12(b)(6) ; and (2) "in the absence of any allegation of waiver, sovereign/governmental immunity bars the Plaintiff[s'] claims against all of the Defendants in this action pursuant both to Rule 12(b)(1) and Rule 12(b)(2)...."[1] Plaintiffs filed a timely notice of appeal.
Analysis
Plaintiffs argue on appeal that the trial court erred in granting Defendants' respective motions to dismiss because (1) neither sovereign nor governmental immunity bars this action; and (2) Plaintiffs' pleadings demonstrated the existence of a justiciable controversy. For the reasons set out in T and A Amusements, LLC. v. McCrory , --- N.C. App. ----, ---S.E.2d ---- (filed February 7, 2017) (No. COA16-161), we reverse the trial court's 19 November 2015 order.
T and A Amusements presents the same legal issues as the present case, involves nearly identical facts, and includes most of the same parties.[2] Here, as in T and A Amusements , Plaintiffs' amended complaint contains a justiciable controversy that is not barred by sovereign or governmental immunity. Accordingly, the trial court erred in dismissing Plaintiffs' amended complaint.[3]
Conclusion
For the reasons stated above, we reverse the trial court's 19 November 2015 order and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
Report per Rule 30(e).
Judges CALABRIA and TYSON concur.

Our review of the hearing transcript reveals that no arguments were made at the 12 October 2015 hearing on the issue of whether the CO Rewards Program actually violated any North Carolina statutes. Nor do the parties contend on appeal that the trial court's ruling was based upon that issue. Accordingly, we construe the trial court's order as based solely on the issues of immunity and justiciability. See Myers v. McGrady, 170 N.C. App. 501, 509, 613 S.E.2d 334, 340 (2005) ("Where the record does not contain anything in the pleadings, transcripts, or otherwise, to indicate that an issue was presented to the trial court we refuse to address the issue for the first time on appeal." (citation, quotation marks, ellipses, and brackets omitted)), rev'd on other grounds, 360 N.C. 460, 628 S.E.2d 761 (2006).

The two cases were consolidated for hearing in the trial court and for oral argument in this Court.

We express no opinion on the ultimate issue in this litigation as to whether the CO Rewards Program is legal under North Carolina law.