DILLON, Judge.
James McVicker and Jeffrey Tyler ("Defendants") appeal from the trial court's order denying their motion to dismiss. After careful review, we affirm.
I. Background
The plaintiff, Crazie Overstock Promotions, LLC, ("Crazie Overstock") is a retailer of various "discount" goods which are promoted through certain retail establishments. Defendants are law enforcement officers in Bladen County. Defendants allege that Crazie Overstock is operating illegal gambling video games at its establishments.
Crazie Overstock sells "gift certificates" at the retail establishments, which may be used to purchase Crazy Overstock's goods through its website. However, for each dollar a consumer spends on a gift certificate, the consumer gets an opportunity to play a series of video games for a chance to win money. Crazie Overstock states that this scheme is simply a promotional rewards program (the "CO Rewards Program") to encourage the sale of gift certificates.
Essentially, the CO Rewards Program allows customers to receive a certain number of "game points" for each dollar of gift certificates they purchase at kiosks located in the retail establishments. Customers then can use these "game points" to play "reward games" on machines in these establishments. The reward games require no skill, much like slot machines. Customers who are successful at a reward game receive "reward points." Customers who win "reward points" may use them to play a game, a dexterity test of sorts, which tests the players' hand-eye coordination and reflexes by requiring them "to stop a simulated stopwatch within specified ranges." Customers who are successful at the dexterity test receive "dexterity points," which may be redeemed for cash.
Police with the Bladen County Sheriff's Office obtained a search warrant and conducted a search of a retail establishment that offered the CO Rewards Program. In response, Crazie Overstock filed this suit against Defendants in their official capacities[1] , seeking (1) a declaration that its CO Rewards Program is lawful, and (2) an injunction prohibiting Defendants from taking enforcement action concerning the CO Rewards Program.
Defendants filed a motion to dismiss Crazie Overstock's complaint pursuant to Rules 12(b)(1) and 12(b)(6). The trial court denied the motion, and Defendants appealed.
II. Analysis
It certainly may be argued that the CO Rewards Program is a form of illegal gambling: Consumers pay money for the proverbial spin of the wheel, where the prize might not be cash, but is still a thing of value, namely the entry fee to play a game of skill for money. Indeed, ten people each contributing $100 to participate in a free throw shooting contest with the winner getting the entire $1,000 might be legal in North Carolina, as a free throw shooting contest is a game of skill. However, if two people wanting to participate in the contest each only had $50, they would be engaging in illegal gambling if they agreed to flip a coin to see which one of them would get to use the other's $50 for the entry fee into the contest.
This present appeal, however, is from an interlocutory order. Therefore, we do not reach the merits of the legality of Crazie Overstock's CO Reward's Program. Rather, we only address Defendants' arguments that the trial court erred in denying their motion to dismiss based on governmental and quasi-judicial immunity. See Royal Oak v. Brunswick County, 223 N.C. App. 145, 149, 756 S.E.2d 833, 836 (2014) (holding that a claim of "quasi-judicial immunity[ ] affect[s] a substantial right for purposes of appellate review"); Hedrick v. Rains, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283 (1996) (recognizing that "orders denying dispositive motions grounded on the defense of governmental immunity are immediately appealable as affecting a substantial right").
Regarding Defendants' "governmental immunity" argument, we conclude that we are bound by our Supreme Court's decision in Sandhill Amusements, Inc. v. Miller, 236 N.C. App. 340, 762 S.E.2d 666 (2014), rev'd per curiam for the reasons stated in the dissenting opinion, 368 N.C. 91, 773 S.E.2d 55 (2015). In Sandhill, which involved facts very similar to the facts of this case, the Court affirmed a trial court's denial of a sheriff's motion to dismiss based on governmental immunity. Sandhill, 368 N.C. at 91, 773 S.E.2d at 55. In fact, we have recently followed the Sandhill holding in concluding that governmental immunity does not bar claims brought by Crazie Overstock, the plaintiff in this case, against other law enforcement officials in their enforcement attempts against the so-called rewards programs. See T and A Amusements, LLC v. McCrory, --- N.C. App. ----, ---- 796 S.E.2d 376, 381-82 (2017) ; G.S.C. Holdings, LLC v. McCrory, --- N.C. App. ----, ---- 795 S.E.2d 832 (2017) (unpublished).[2]
Regarding Defendants' "quasi-judicial immunity" argument, we again affirm the trial court. "Quasi-judicial immunity is an absolute bar, available for individuals in actions taken while exercising their judicial function. In effect, the rule of judicial immunity extends to those performing quasi-judicial functions." Vest v. Easley, 145 N.C. App. 70, 73-74, 549 S.E.2d 568, 572 (2001).
Defendants argue that quasi-judicial immunity applies to any execution of search warrants by Defendants in the future. However, in their Complaint, Crazie Overstock has not requested an order to enjoin Defendants from executing valid search warrants. Rather, the prayers for relief do not address acts for which Defendants would have quasi-judicial immunity. For instance, Crazie Overstock has alleged that Defendants have made intentionally false statements in making applications for search warrants and are seeking relief in the form of an order enjoining Defendants from "[f]iling any false or misleading affidavits" concerning the CO Rewards Program in the future. And the act of knowingly making false or misleading statements in an affidavit in the procurement of a search warrant falls outside the protections of quasi-judicial immunity. See Butz v. Economou, 438 U.S. 78, 513 (1978) (establishing the "functionally comparable" test for quasi-judicial immunity); see, e.g., Wagshal v. Foster, 28 F.3d 1249, 1252 (D.C. Cir. 1994) (considering whether the functions of the official in question are "comparable to those of a judge").
III. Conclusion
Based on our Supreme Court's holding in Sandhill, adopting Judge (now Justice) Ervin's dissent, and in light of our Court's recent opinions following Sandhill, we conclude that the trial court did not err in denying Defendants' motion to dismiss based on governmental immunity. Further, we hold that the trial court did not err in denying quasi-judicial immunity as the prayers for relief sought by Crazie Overstock are in regards to potential actions by Defendants which fall outside their quasi-judicial immunity.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and MURPHY concur.

Crazie Overstock also alleged claims against Defendants in their individual capacities; however, these claims have been dismissed and are not part of this appeal.

The briefs in the present case were filed before the mandate issued in these 2017 opinions from our Court. Neither party has attempted to distinguish these opinions at oral argument, nor moved to amend their briefs.